Quincy v. Foot.

the defendant did not know the solicitor, his affidavit that he did not see him in attendance is not sufficient to countervail the solicitor's oath that the service was actually performed.

The allowance for six days' attendance on the examination of witnesses was erroneous. The solicitor is only entitled to an allowance for the number of days he actually attends before the examiner. He cannot charge for his time in travelling to and from the residence of the examiner ; nor for his attendance over the sabbath, when testimony cannot legally be taken, although he is obliged to remain from home during the sabbath, to continue the examination the next day. Where the cause is reached upon the calendar, and goes over the term at the request and for the particular accommodation of the counsel of the party who finally succeeds in the suit, such party is not entitled to charge his adversary with the costs of noticing the cause, nor with the other expenses of the term. But where the case is not reached on the calendar, or where it goes off for the mutual accommodation of both parties, these expenses are taxable. The execution against Bevans appears to be properly taxable, as prospective costs. But it must be deducted if the costs are paid upon taxation, or before execution is issued.

Neither party is to have costs as against the other upon this application, nor the extra costs of the retaxation.

---

## QUINCY vs. FOOT and others.

It is the settled practice of the court of chancery not to set aside a regular order taking a bill as confessed, to enable a defendant to set up an unconscientious defence. And where the defence is usury, the court requires the defendant to undertake that he will not avail himself of that defence, except as to the amount of the usurious premium.

Where an answer was served during the absence of the complainant's solicitor from his office, by delivering such answer to the clerk, at the door of the office, as he was about to open and enter the office, and such clerk immediately afterwards opened

Quincy *v.* Foot.

and entered the office, and took the answer in with him; *Held*, that it was a good service, although the clerk was not actually in the office when the answer was delivered to him.

It is not absolutely necessary that a paper should have been filed at the moment the copy thereof is served, provided it is filed the same day ; unless some proceeding has been taken in the meantime to render such subsequent filing improper. But the service of a paper is not perfect until the original is actually delivered to the proper officer to be filed.

It is not sufficient in an opposing affidavit, where the adverse party has no opportunity to answer the same, to state a matter upon the belief of the deponent only.

THIS was an appeal from an order of the vice chancellor of the first circuit, setting aside an order to take the bill as confessed against the defendant E. D. Foote. The answer was completed and sworn to, and copied, on the last day to which the time for answering had been extended; but too late to file and serve it on that day. About nine o'clock in the morning of that day, the clerk of the defendant's solicitor went to the office of the solicitor for the complainant, to serve the answer, but found the door locked. As he turned to leave the office, however, he met the clerk of the complainant's solicitor, who was coming to open and enter the office, and served the answer on him within seven feet of the door of the office. The clerk received it, and within five minutes opened and entered the office with it. At the time the copy of the answer was thus served the original had not been filed; but it was filed the same day. Between two and three o'clock the complainant's solicitor sent to enter an order to take the bill as confessed. And at the same time he sent another clerk to return the copy of the answer served, with a message that he refused to receive it. The answer showed a defence to some of the mortgages for the foreclosure of which this suit was brought; but the defence was usury.

*J. B. Smith,* for the appellant.

*Azor Taber,* for the respondent.

THE CHANCELLOR. It is the settled practice of the court not to set aside a regular order, taking a bill as confessed, to enable the defendant to set up an unconscientious defence. And where the defence is usury, the court requires the defendant to undertake that he will not avail himself of that defence, except as to the amount of the usurious premium; so that the complainant shall not be deprived of what is honestly due him, with interest thereon. The only question therefore is, whether the order to take the bill as confessed was technically regular.

The service of the answer was proper and legal, according to the spirit and intent of the rule, on the subject of the service of papers when the solicitor is absent from his office. For all substantial purposes, this was a service upon the clerk in the office. The reason why a service upon a clerk when he is absent from the office is not allowed, is that a paper thus served may never come to the knowledge of the solicitor, or it may not be received by him in time to enable him to act upon it. But where it is served upon the clerk at the door of the office, in the absence of the solicitor, and the clerk immediately carries it into the office, it is a sufficient service. Here the paper served, actually came into the possession of the solicitor as soon as he came to his office, and two or three hours before the order to take the bill as confessed was entered. And if the solicitor had not mistaken the law on the subject, he could not have made an affidavit that the answer had not been served, for the purpose of obtaining the order to take the bill as confessed. But it was stated in the affidavit of the complainant's solicitor, that the order to take the bill as confessed was entered about half past two o'clock, and before the answer was filed or duly served. And if such was the fact, and the proper evidence was produced to the clerk of the court that the answer was not filed, the order was regular. For although it is not absolutely necessary that the paper should be filed at the moment it is served, provided it is filed the same day, the service is not perfect until the original is actually delivered to the proper officer to be filed. It is evident, however, in this case, that the solicitor of the complainant did not go to the clerk's office at the time

the order was entered. The statement in his affidavit, as to the answer not being filed at that time, must have been founded upon information merely; and could not have been intended to be sworn to by him as a fact within his own knowledge. It was therefore not sufficient, in an opposing affidavit, where the adverse party had no opportunity to answer the statement. The certificate of the officer with whom the paper was filed, or of his deputy, showing the time of day the answer was received to be filed, and that it was subsequent to the entry of the order, or the affidavit of some one who actually knew the facts, should have been produced, to show that the order was regular.

As the complainant failed to show that his order to take the bill as confessed was technically regular, he was not entitled to retain the order and to shut out any legal defence which the defendant had to any part of the claim made by the bill.

The order appealed from must therefore be affirmed with costs.